**EDUCATIONAL CREDIT MANAGEMENT CORP.,**
Plaintiff,

v.

**CHERISH PRODUCTS INC., Defendant.**

No. CIV.02–1317 FLN.

United States District Court,
D. Minnesota.

Feb. 14, 2003.

Jason Stover, Minneapolis, MN, Curtis Zaun, St. Paul, MN, for Plaintiff.

Steven Appelget, St. Paul, MN, for Defendant.

### ORDER

NOEL, United States Magistrate Judge.

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 17, 2003 on Plaintiff's Motion for Summary Judgment [# 15]. The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73[# 28]. For the reasons which follow, the Plaintiff's Motion is granted in part.

### I. BACKGROUND

Under the Higher Education Act and the Federal Family Educational Loan Programs ("FFELP"), students can obtain low-interest loans from private lenders for tuition and educational expenses. State agencies and private non-profit institutions then guarantee the loans. Guaranty agencies receive funds to administer the FFELP, including collecting defaulted loans. When a student defaults on a loan, the guarantee agency pays the outstanding

balance on the loan to the private lender and takes title to the loan. Plaintiff, Educational Credit Management Corporations, ("ECMC") is such a private non-profit guaranty agency.

To assist the private guarantee agencies in collecting defaulted student loans, Congress has given the agencies the authority to administratively garnish the wages of student borrowers who have defaulted under their student loan agreements. *See* 20 U.S.C. § 1095a. Under 20 U.S.C. § 1095a, a guarantee agency may issue a withholding order requiring a defaulted borrower's employer to withhold 10% of the borrower's disposable income.

ECMC guaranteed a student loan issued to Jennifer Ryan. When Ms. Ryan defaulted on the loan, ECMC paid the outstanding loan balance to the private lender in May 2001 and thus, had title to the loan. Pursuant to 34 C.F.R. 682.410(b), ECMC was obligated to collect from Ms. Ryan the amount ECMC paid to her lender. ECMC served Ms. Ryan with a Notice of Intent to Initiate Withholding Proceedings in November 2001. Ms. Ryan did not request a hearing to contest the proposed withholding order and did not contact ECMC to discuss a repayment plan. In January, 2002, ECMC issued a withholding order to Ms. Ryan's employer, Defendant, Cherish Products Inc.

Judith Cramer, President of Cherish Products and Ms. Ryan's mother, did not withhold any of Ms. Ryan's wages. Ms. Cramer was under the mistaken belief that she did not need to withhold Ms. Ryan's wages because Ms. Ryan was in the process of consolidating her debt with the Department of Education. (Def.'s Mem. in Opp'n, 2). Ms. Ryan did not consolidate her loan at that time. Thus, Cherish Products did not respond to ECMC's withholding order. ECMC issued a second withholding order on March 1, 2002, and again, Cherish Products did not withhold

or respond to ECMC. ECMC informed Cherish Products in April, 2002 that they were prepared to commence litigation if Cherish Products did not comply with the withholding orders.

On June 20, 2002, ECMC initiated the instant suit under 20 U.S.C. § 1095a, to compel Cherish Products to withhold 10% of Ms. Ryan's income, and to recover the past-due amounts that Cherish Products did not withhold. In August, 2002, Ms. Ryan consolidated her loan with the Department of Education, and the Department paid ECMC the amounts due on Ms. Ryan's defaulted loan. Therefore, ECMC no longer seeks an injunction withholding Ms. Ryan's wages, but only asks for damages in the amount Cherish Products refused to withhold from Ms. Ryan's earnings and the attorneys' fees ECMC incurred in collecting on the defaulted loan. (Mem. of Law in Supp. of Pl.'s Mot. for Summ. J., 6–7). Cherish Products contends that ECMC should not be granted summary judgment because it has been paid for Ms. Ryan's loans by the Department of Education. (Def.'s Mem. in Opp'n, 5–7).

## II. STANDARD OF REVIEW

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–27, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Fisher v. Pharmacia & Upjohn,* 225 F.3d 915, 919 (8th Cir.2000). Therefore, summary judgement is appropriate when the moving party establishes based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. *See* Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

Fed.R.Civ.P. 56(e) makes clear that once the moving party files a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. In sustaining that burden, an adverse party may not "rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 249–56, 106 S.Ct. 2505 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); *see also* Fed. R. Civ. P 56(e). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. If the opposing party fails to carry their burden, summary judgment should be granted. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Bassett v. City of Minneapolis,* 211 F.3d 1097, 1099 (8th Cir.2000).

### III. LEGAL ANALYSIS

Under 20 U.S.C. § 1095a(a), a guaranty agency may garnish the disposable pay of a student borrower if he or she "is not currently making required repayment under a repayment agreement ... with the guaranty agency holding the loan." The parties do not dispute that at the time of the withholding orders, Ms. Ryan did not have a repayment agreement with ECMC and was not making repayments. Therefore, under 20 U.S.C. § 1095a(a)(6), ECMC "may sue the employer in a State or Federal Court of competent jurisdiction to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees, costs, and in the court's discretion, punitive damages."

■ ECMC is entitled to summary judgment. Under the language of 20 U.S.C. § 1095a, Cherish Products is liable because it was obligated to withhold wages from Ms. Ryan and failed to do so. ECMC is also entitled to attorneys' fees and costs because they were obligated to sue Cherish Products to collect on the loan under 34 C.F.R. § 682.410(b)(6). Punitive damages are also available to ECMC under 20 U.S.C. § 1095a, in this Court's discretion.

■ Genuine issues of material fact remain regarding the amount of actual damages to which ECMC is entitled, the amount of ECMC's reasonable attorney's fees and the amount, if any, of punitive damages that should be awarded.

### IV. CONCLUSION

Based upon all the files, records and proceedings herein, the Plaintiff's Motion for Summary Judgment [# 15] is **GRANTED** as follows:

1. ECMC is entitled to judgment as a matter of law on the merits of its claim under 20 U.S.C. § 1095a, and is entitled to recover its reasonable attorney's fees incurred in pursuing this action.

2. Three issues remain to be decided:

a. The amount of actual damages to which Plaintiff is entitled;

b. The amount of reasonable attorneys' fees; and

c. The amount of punitive damages, if any.